**JIA MEI LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION REVIEWS,[1] Respondent.**

**No. 05–0768–AG.**

United States Court of Appeals, Second Circuit.

April 6, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

John C. Richter, United States Attorney, Western District of Oklahoma; Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

---

1. Because neither party has objected to the designation of the respondent in this petition for review, the caption reflects the designation as it was filed. However, we assume that petitioner meant to designate the "Board of Immigration Appeals." Further, we note that the Attorney General, not the "Board of Immigration Appeals" (or "Reviews") is the proper respondent. See 8 U.S.C. § 1252(b)(3).

Jia Mei Liu, through counsel, petitions for review of the January 25, 2005 BIA order denying his motion to reopen the BIA's October 2001 decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding deportation. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005) (internal citations omitted). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Liu's motion to reopen. Liu did not file the motion until June 2003, well over 90 days after the BIA had issued its October 2001 decision affirming the IJ's decision. Although Liu asserted that he was eligible for asylum based on recently enacted changes in law in China, combined with his wife's second pregnancy, the BIA properly found that Liu had not established "changed circumstances." Liu merely referred to a September 1, 2002 "Family Planning Law," but did not provide a copy of the legislation or any other background material which referred to it. In the absence of evidence of changed circumstances in China, Liu's motion was untimely.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.